IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kenneth Charles Elmore, III, <br><br> Plaintiff, <br> v. <br><br> Unknown Defendants, <br><br> Defendant. | Case No. 2:25-cv-03890-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending this action be summarily dismissed without prejudice, without leave to amend, and without issuance and service of process. (Dkt. No. 9). The Magistrate Judge advised Plaintiff that if he did not file written objections to the R&R within 14 days, this Court would proceed with a clear error review, and Plaintiff would waive his right to appeal this Court's Order. *Id*. at 7. Plaintiff filed no objections to the R&R. For the reasons set forth below, the Court adopts the R&R and dismisses Plaintiff's claims without prejudice, without leave to amend, and without issuance and service of process.

I.  **Legal Standard**

   A.  **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or

1

in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

    **B. Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**II.   Discussion**

Plaintiff, proceeding pro se, brings this civil action but fails to, among other deficiencies, articulate in his Complaint a cognizable cause of action or identify any defendants. (Dkt. No. 1). The Magistrate Judge ably summarized Plaintiff's Complaint and concluded that Plaintiff's claims should be summarily dismissed because Plaintiff (1) fails to assert a basis for subject matter jurisdiction; (2) fails to state a cognizable claim; (3) fails to state a request for relief; and (4) fails to provide the necessary documents to bring his case into proper form.

The Court finds that the Magistrate Judge ably summarized the factual and legal issues involved in the R&R and correctly concluded that Plaintiff's suit should be dismissed without prejudice, without leave to amend, and without issuance and service of process.

### III. Conclusion

Based on the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** Plaintiff's Complaint without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

                                                 s/ Richard Mark Gergel
                                                 Richard Mark Gergel
                                                 United States District Judge

September 8, 2025
Charleston, South Carolina